UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:19-CR-160-TAV-HBG-3 |
| JASON FINLEY, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motion for compassionate release [Doc. 128]. The United States has filed a response in opposition [Doc. 133]. Federal Defender Services of East Tennessee has filed a notice pursuant to Standing Order 21-09 stating that it will not be supplementing defendant's motion [Doc. 137]. The matter is now ripe for adjudication. For the reasons set forth more fully below, defendant's motion for compassionate release will be **DENIED**.

**I.  Background**

On January 29, 2020, defendant pleaded guilty to one count of conspiracy to distribute five grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Docs. 22, 38].[1] Defendant was sentenced to 84 months' imprisonment, to be followed by five (5) years of supervised release [Doc. 113].

---

[1] The Court notes that a motion to withdraw guilty plea [Doc. 73] was filed, but the motion was later withdrawn [Docs. 82, 87].

Defendant is housed at FCI McDowell, which currently has one (1) active case of COVID-19 amongst the inmates, two (2) active cases amongst the staff, and 139 staff and 955 inmates have been vaccinated against COVID-19. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited September 29, 2021). Defendant is thirty-nine (39) years old and medical records establish that he has been diagnosed with, among other ailments, hypertension, various mental health challenges, and lower back pain [Doc. 134, p. 56]. Defendant received his second dose of the Pfizer COVID-19 vaccine on July 21, 2021 [*Id*., p. 60]. Defendant is scheduled for release on September 7, 2025. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 29, 2021).

## II.   Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

2

defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*.

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

3

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). However, as no policy statement applies to defendant-filed motions for compassionate release, the second requirement plays no role. *Id.*

**III. Analysis**

    **A. Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion**

The Court examines first whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The government concedes that the exhaustion requirement has been met in this case [Doc. 133]. Thus, the Court may consider the merits of defendant's request.

4

### B. § 3553(a) factors

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 F.3d at 519. In this instance, the § 3553(a) factors weigh against compassionate release, so the Court need not address whether defendant has satisfied the extraordinary and compelling reasons prong of the analysis. "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (internal citations omitted). The "overarching" inquiry under § 3553(a) is whether the sentence imposed is "sufficient, but not greater than necessary, to comply with the purposes" outlined in § 3553(a) paragraph (2). § 3553(a); *see also Pepper v. United States*, 526 U.S. 476, 491 (2011). To this end, § 3553(a) directs the Court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the applicable guideline range, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims. § 3553(a); *see also Pepper*, 526 U.S. at 491.

The Court begins with the criminal conduct at issue in this case. The plea agreement described the relevant facts as follows:

> On March 10, 2019, the defendant and co-defendant . . . were arrested in Dandridge, Tennessee for possession with intent to distribute crystal methamphetamine and heroin. The defendant and [co-defendant] were arrested after law enforcement received a phone call that a possible drug deal

5

had occurred between two suspicious vehicles. Ultimately, officers found 9.8 grams of crystal methamphetamine, crack cocaine, and pills under the driver's seat in the defendant's vehicle. Officers also found a pair of digital scales and just over $1,000 in cash. Officers arrested [co-defendant] and observed her re-adjust her pants and found that [co-defendant] had deposited an additional 19.5 grams of crystal methamphetamine and 4 grams of heroin in the rear passenger floorboard of the police car. The defendant agrees that he is responsible for the possession and distribution of 9.8 grams of crystal methamphetamine.

[Doc. 22, ¶ 4].

The Court finds that defendant's offense was a serious drug trafficking offense. The Court finds that the severity of defendant's offense emphasizes the need for adequate deterrence, to promote just punishment, and to protect the public from future offenses by the defendant. Nor was this defendant's first conviction. Defendant's adult criminal history includes convictions for: numerous incidents of theft (including theft of a motor vehicle); multiple incidents of evading arrest; multiple incidents of robbery; driving under the influence and various other traffic violations; assault; resisting arrest; obstructing or preventing service of process; and possession of schedule III drugs [Doc. 83, ¶¶ 41-53]. In addition, the Court notes that defendant has a history of violating probation, including being on probation when he committed the instant offense [*Id*., ¶¶ 42, 43, 51, 52, 55] which calls into question his respect for the law and whether defendant would abide by his conditions of supervised release if his motion for compassionate release were granted.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the

6

defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a). Further, the Court has considered the kinds of sentences available, the guideline sentencing range, and the need to avoid unwarranted disparities. *Id*.

As the Court noted above, defendant was sentenced to a total term of imprisonment of 84 months [Doc. 113], and he is due to be released September 7, 2025, approximately 47 months from now. The Sixth Circuit has ruled that courts may consider the amount of time a defendant has served when ruling on a motion for compassionate release. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). In this instance, including good time credit, defendant has served approximately forty-five percent of his sentence, leaving a significant portion of his sentence yet to be served. The Court finds that the length of time left on defendant's sentence is another factor which weighs against compassionate release.

The Court is aware of defendant's medical condition, and the risk that the ongoing pandemic poses to defendant and to others. That risk is somewhat lessened by the fact that the Bureau of Prisons has begun vaccinating inmates, including defendant, against COVID-19, and, as the Court noted above, 955 inmates at the facility where defendant is housed have already been vaccinated. The Court in no way diminishes the risk

7

COVID-19 continues to present, but the Court must still balance the § 3553(a) factors against all other relevant evidence.

The Court has also considered defendant's arguments regarding his rehabilitation and his efforts to improve himself while in prison. The Court recognizes those efforts but finds that they are not so exceptional as to outweigh the other sentencing factors.

After considering the above, and all other evidence of record, the Court finds that the § 3553(a) factors weigh against compassionate release. In reaching this decision, the Court has considered the parties' filings, the PSR, the § 3553(a) factors and other relevant law, and the record as a whole. While the Court notes defendant's medical condition, that is only part of the compassionate release calculus. On the record before the Court, the sentencing factors weigh against early release, and defendant's motion for compassionate release will be **DENIED**.

## IV. Conclusion

For the reasons set forth more fully above, defendant's motion for compassionate release [Doc. 128] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE